Emeral, In Re Emeral, Debtor and Diacetyl Plaintiffs. Ms. Isaacson? Yes, Your Honor. Good morning, may it please the Court, Nancy Isaacson for the appellant, Diacetyl Claimants, and I'd like to reserve three minutes for rebuttal. Yes, that's fine. How do you pronounce that again? Excuse me? How do you pronounce that chemical? Diacetyl. Diacetyl. Flavoring in butter popcorn. May it please the Court, my clients, the appellants here, are a discreet group of holders of tort claims, and I'll refer to them for purposes of this argument as the Diacetyl Claimants, and they have asserted in various state court actions personal injuries against the debtor Emeral. Those injuries result from exposure to the chemical Diacetyl, Emeral manufactured and to avoid the liability to my clients, Emeral sold demonstrably all of their assets. We know the facts of the case pretty much. We've read them. How do you decide whether a claim is generalized or individualized? What's the sine qua non of that determination? This Court already has determined the road map for making that determination in the Foo Town case, the insurance, the pension. But that wasn't a personal injury case. It was not a personal injury case, but the question was, who is the injured party? Was the debtor injured or was it the pension plan? And there is sufficient holdings in that case that make the road map for how this Court should decide whether or not personal injury claimants have personalized claims with the equitable remedy to assert a successor liability. Does it depend on who's getting sued? Excuse me? Does it depend on who's getting sued? Does it depend on whether the suit is against the debtor or whether it's against the fair party? No, it turns on who is injured. Is the debtor injured or are the individual claimants injured? How would a recovery on your claim for successor liability against Amora not benefit all the creditors of Emeral generally? It is an equitable remedy that's tied to the underlying personal injury claim of the individual diastolic claimants. That's your claim against Emeral. Right. But I'm talking about the successor liability claim against Amora. How would the claim for successor liability against Emeral, your claim, not benefit all creditors? It's an equitable remedy to compensate for the damages that the personal injury claimant suffers. But so can a contract creditor, a commercial creditor. Those are just general unsecured creditors, Your Honor. They don't have particularized claims. How do you know? Well, you're unsecured, too. I mean, why is one – your position is that that underlying claim is not property of the trustee if the debtor is in bankruptcy. That's correct. Let me continue with Judge Barry's question. Why makes your claim individualized? I'm a contract creditor. I got stuck for $100,000. I feel pretty injured myself because my company has got stuck for $100,000. It's bankruptcy. Why is it my claim as a contract creditor individualized? Because under New Jersey state law, tort claimants with personal injury claims like presented in this case are given special and higher treatment and acknowledgement in litigation, and they are treated differently. They are different than general unsecured creditors. Yeah, but a contract claimant also could sue under – let's say this is not in bankruptcy. A contract claimant against a debtor not in bankruptcy could also sue on the theory of business continuation and successor liability. No, I would suggest to the court that that contract creditor would have to have an underlying claim of some personal injury, i.e., a business tort, some underlying personal claim. You're not suggesting that the trustee could sue that – No, Your Honor. Trustee could not sue the business tort on behalf of that creditor. You're not suggesting that to bring a claim of successor liability, there must be a personal injury component? There must be a personalized for a creditor to bring in a bankruptcy situation, for a creditor to bring outside of the bankruptcy proceeding, a successor liability claim against a successor in interest to the debtor. There has to be a personal claim, an underlying personal claim, personal particularized claim like a business tort, like a discrimination in employment claim, a personal claim to that creditor, not a general claim like a general institution claim. Suppose a trustee in this case, a trustee in bankruptcy, on behalf of all the creditors who have filed prusive claims, including personal injury claimants as well as trade creditors, why can't he sue Oberall on the theory that they're just successors to the predecessor business and that all the creditors should now have a claim because it's the same company with another name? If the trustee had a claim against Aroma, the respondent, the appellee here, if the trustee thought that there is a claim that Aroma is really the successor, the alter ego, the mere continuation of – Product line and so forth. Product line, et cetera, et cetera. Same personnel, same creditors, same everything. The trustee, that's an asset of the estate under 541, 11 U.S.C. section 541, and that, the trustee brings that claim. The trustee settled the claims against Aroma as a fraudulent transfer claim. As you'll see in the motion. He released the claims, didn't he? The settlement was for a fraudulent transfer claim and then the settlement and the release language had this very broad release to which diastolic claimants objected. So the trustee would have the sole power to do that. But if the trustee did not settle that claim and instead of settling it, elected to pursue a business continuation, product line continuation, he would have that right to do on behalf of not only the personal injury claimants who filed proof of claim but on the trade creditors as well, contract creditors. If the claim was one for alter ego, a general claim like that, yes, Your Honor, yes. The trustee would have the right to pursue that kind of claim. You don't have the same question because they do seem like they're so personal. You know, the injuries involved and when you get money for your injuries, you're compensating an individual for the injuries that they sustained. But you're suggesting now in answer to this question that the trustee can bring all of those claims against. No. I'm sorry. Maybe I misunderstood. I may have misunderstood Judge Callen's question. The trustee can bring the claim on behalf of the debtor and the debtor estate if there is damage to the debtor by the conduct of aroma for the benefit of the creditors. The personal injury claims are against immoral. No. The trustee has no right to bring personal injury claims, business toward claims from the business credit has no right. The personal injury claims are against immoral. Correct. Pending in the bankruptcy. They're a creditor in the bankruptcy case. Against the debtor. Against the debtor. Immoral. Correct. You acknowledge that this is based on whether or not their successor product line liability under New Jersey state law. If we were to hold in your favor that this is a personal claim, not a generalized claim, you acknowledge, do you not, that you still must prove in state court our decision will have no effect upon whether, in fact, you have a meritorious product line successor claim in state court. You'd have to prove that separate and apart from our determination that this is a personal, not a generalized claim. That's correct, Your Honor. However, I'd like to correct your statement. We are not, the DASL claimants do not allege a product line defect claim against Aroma. We are looking to assert the equitable remedy of successor liability on Aroma, which this court in the Foodtown case said is very appropriate. Yes, but my basic point is that any decision by us in your favor does not resolve whether or not you have a meritorious claim in state court. Correct, Your Honor. That's for the state court to determine. Can you talk about the Cain? You're familiar with the Cain case? The Cain? Yeah, and the statement there that claims based upon successor liability should be asserted by the trustee on behalf of all creditors? That statement was made in conjunction with the nature of the claims that were asserted in that litigation. You mean the decision is based on the nature of the claim? Yeah, because it was, yes, because the underlying claim was as opposed to whether the trustee has the right to bring all claims for the benefit of all the creditors? The court needs to understand the nature of the claim that was being pursued in the Cain litigate, in the Cain case, and that was a Chapter 5, trustee, bankruptcy court, cause of action. It was not a particular claim of a creditor. Is it your point that because your claim involves tortious conduct or it's a personal injury tort that, therefore, it's individualized and, therefore, it is not part of the estate? Correct, Your Honor. I don't think that the bankruptcy court or the district court or AROMA disagrees that the personal injury claim is a personalized claim. I don't think that's not the issue. The issue is whether the equitable remedy that diastolic claimants seek to pursue of liability to compensate for those injuries is property of the estate. You cite one case to show that personal injury cases asserting successor liability are not property of the estate, right? That was the RDM Holdings case? Yes. Yes. And that was a case that applied Michigan law, which is different in this connection than New Jersey or New York law. So you don't really have much? There's really no case law out there that directly addresses this issue. We have the Foo Town case, which gives us a guide on how to analyze who's the injured party, who gets to assert the claim, and whether or not it's an asset of the estate. And that case was cited just to show the court that there is something out there that has addressed it, but there really are no cases that are directly on point. I think your brief said that there's a whole lot of case law, but that was the one case you cited. The problem is that this is a claim against Amaral. It's a claim against a third party. What about the other creditors? What if they had claims against a third party? Why should you, in a sense, jump the line? Why should you have priority? Why should you then take first from that third party to the disadvantage of all the other creditors in the case, in the bankruptcy case? I would suggest to the court that if one of the creditors that Your Honor is speaking about was a victim of employment discrimination or had a personal tort claim against the debtor, that creditor could pursue a Roma on the same theory that the diastole claimant pursued it. I'm not unsympathetic. And it's that this particular debtor just happened to have had, this is the body of creditors. She has general unsecured creditors, and it has personal injury creditors. Okay. I am not unsympathetic to the problem that is presented in this case by these individuals who suffered serious personal injury and don't appear to have recourse, but nonetheless. What is the rule that we would be looking to state? If we give you the right to sue here a third party, in other cases, then you have personal injury claimants would then be given priority, I suppose, over all other creditors. Is that the rule? No, it's not priority, Your Honor. It's allowing the tort claimants to avail themselves of state law and pursue the claims in state law. And it's not giving priority in the context of bankruptcy. But supposing other creditors have claims against amoral, why would you be able to go after amoral and take those assets to the disadvantage of other creditors who may have whatever types of claims they may have, contractual claims, for example? Because the code, the bankruptcy code is in place to equalize distribution to unsecured creditors. General and to equalize, to monetize assets of the estate and distribute them to the extent that they exist to general unsecured creditors. But would your recovery, would the money that you recover go into a pot or would that go to the individual? It goes to the individual. I see. And aside to this argument, the debtor filed a Chapter 7 bankruptcy petition. So the tort claimants here, the diastole claimants, do not have the protections that it would have had with respect to insurance and channeling and equal distribution of insurance proceeds, all of the tort claimants. We're not in that situation here. Chapter 7 debtors, corporate debtors that have these tort claims against them, are not obligated to provide a trust or another mechanism in order to satisfy these general unsecured debtors. The bankruptcy trustee can. The bankruptcy trustee could also file a claim against Amora on a business continuation excess reliability theory, can he not? The trustee waived that claim in conjunction with its settlement of the fraudulent transfer. I know, but I'm asking you, as a matter of law, the trustee could file, could if he didn't settle the case, file a business continuation claim against, which is the same claim that you're individually. No, it's not, Your Honor. That's my question. What is the difference between the trustee as representative of all his creditors, claim for business continuation, and your claim as an individual, when you file a proof of claim in the bankruptcy?  The assets of the estate include causes of action, whether they're under the bankruptcy code or whether they're under estate law. Why doesn't it include the cause of action for individual tort that these people were exposed to? That is a personal claim. That is not a claim that the trustee has standing to pursue. Well, that's what you say. Tell me why. That's your position. What facts make that individual and the contract, the tradesman's claim for goods sold and delivered not individual? There has been no disagreement either at the trial court, at the district court, or from AROMA that the general unsecured creditor body is a general unsecured creditor, and they are the ones that the trustee is in place to monetize assets to satisfy. And you're one of those general unsecured? No, not anymore. Not anymore. Before you filed your application. You filed a proof of claim. Excuse me. You filed a proof of claim, so before you went and filed the third-party actions, you were a general unsecured creditor like a tradesman. What sets the diastole claimants apart is that the diastole claimants obtained stay relief under Section 362 and agreed to pursue only assets that it could recover in the state court and would not go and recover against the assets that are recovered by the debtor. There are no facts unique to you that would be different from other creditors. There are absolutely unique facts. The personal injuries, it's under New Jersey state law and Ramirez. To establish continuation of immoral. There are no facts unique to you that would distinguish you from other creditors, in terms of the successor liability theory. Honestly, Your Honor, I don't know because we haven't done no discovery on that topic. However, what I will say is that this is not the cause of action. It's not a cause of action. It's not an independent cause of action for successor liability. It's an equitable remedy. And that there's a difference between asserting successor liability or alter ego or mere continuation or piercing the corporate veil as a primary cause of action versus as an equitable remedy to satisfy a damage claim. Would it be the case that if somebody has a breach of contract action against this third party that they too could proceed with that breach of contract claim and say this is individualized and we should be able to proceed? No, because the contract creditors or general unsecured creditors, their injury is just the same as their injury, their damage is just the same as if the debtor didn't pay its Xerox bill. So what's the difference between your claim here and buildings by Jamie and Keene? And Keene, as a matter of fact, was an asbestos injury type case. But the cause of action to which they wanted to attach the successor liability claim was a fraudulent conveyance action, not the asbestos claim. Oh, wait, that's right. Had they sued, had those claimants sued, they pursued their asbestos claim. You're correct. It was a fraudulent transfer. Not an individualized claim. We have to get over to the other side. You have some rebuttal. Pardon me, Your Honor? We'll rig you over some more, a little more. Thank you, Your Honor. Mr. Landau. Thank you, Your Honor. May it please the Court. I'm Chris Landau and I'm here today for AROMA. I'd like to begin by addressing the question that Judge Cowan put up. Before you address that question, educate us on what is the difference, how do you determine whether something is individualized or a generalized claim? That was exactly your question that I was going to address. That was the question I was about to say. Perfect. They were on the same wave. They were on the same wave because that is the critical question. And the answer is, is it a claim that could be pursued by all other creditors? In other words, the question is, is it a generic successor liability claim or is it some kind of a particularized one that is unique, that involves facts or relationships that are special to that particular creditor? I think this goes back to a question that Judge Barry asked a moment ago. The opposing counsel's successor liability claim here, this is very critical, is a mere continuation claim. There is nothing about their status as personal injury plaintiffs that is unique to that claim. They don't allege in particular that the product line exception is applicable. That exception is unique to personal injury plaintiffs. It's a continuing business. Exactly. But they don't fall within the product line exception because AROMA, the alleged successor, has never manufactured diacetyl at any time before or after, and they don't dispute that. So that's why they haven't alleged the one category of successor liability that might make them different. Your argument is good and excellent, but we're faced with the food town, and although I see that as being almost a hurdle, which is very difficult here for you unless it goes to bond, because even though it was a different type of claim, they're recognized in food town, the basic right of someone such as the plaintiffs in this case, to have their claim as individual. It's not like every tradesman's claim. Sure. Well, I certainly hope I can persuade you that food town is. Show us why food town is not the preemptive claim. Absolutely. In food town, the creditors there that were trustees of the multi-employer pension plan, they were pursuing an ERISA claim that was special to them as trustees of that claim. It was not a mere continuation claim that would have applied. The plaintiffs here say the same thing. Their claim is they got injured, not the body of creditors. No, no, but, Your Honor, let's not conflate the two claims. You've got their underlying claim against the debtor, right, and nobody is disputing that their personal injury claim against Emeril, the debtor, is individualized, as is, frankly, every claim against the debtor. And I think this goes back to some of the questions that were asked earlier. If I'm the landlord of the debtor, I have an individualized claim, too, against the debtor. That's not a generic claim. Contract claims are individualized claims. Everybody has an individualized claim against the debtor because everybody has some relationship that is not the same as every other creditor against the debtor. There's some basis for recovery against the debtor. Again, we're not talking here about the claim against the debtor. We're talking here about the claim against the alleged successor. In the food town case, the claim there was an ERISA successor liability claim. The court made clear this was not a general, generic state law successor liability claim. This was a specific claim informed by ERISA principles. The landlord of this debtor could not have brought that successor liability claim. By the way, and putting aside parenthetically the fact that in food town, the court noted that it was not proper to the estate because that claim did not even arise until after the bankruptcy. So that's a whole other reason to distinguish food town. But, again, I think it's absolutely critical to understand the point that successor liability claims come in different shapes and sizes. We are certainly not standing here today and saying that every single successor liability claim, no matter what, belongs to the trustee. But you argued on the one hand that personal injury products claimed against the debtor are individualized. Correct. While at the same time, you're arguing that the identical claim asserted against the successor is a generalized claim. That I think is, it can't be in both houses. With respect, I disagree. We pointed you to all these cases such as St. Paul and Cook that distinguish between the two claims. In other words, the one is the claim, again, you can't conflate the two claims. And I think there is something I would concede, initially counterintuitive about thinking, wait a second, successor liability, how is that kind of different? And they make this argument. They say it is inextricably linked to the underlying claim. What is an individualized claim that you would acknowledge can be made if not this case? Give me some examples. Sure. Foodtown is certainly an individualized successor liability claim. Well, your adversary's position, and I don't know whether it's to be gainsaid, is that a different setting, but the same thing, it's individualized to that person that has the personal injury, just like in Foodtown it was an individualized thing outside of the business. But, Your Honor, again, I think we just have to keep in mind the difference between the claim against the debtor, which is individualized. Aside from Foodtown, what other examples would you concede are individualized? Well, if they were bringing a product line exception claim, that is not a successor liability claim that could be brought by all creditors. The landlord could not bring a product line exception claim. Their problem here, and this is really the heart of the case, that their successor liability claim, and, again, whether you call it a claim or a theory of liability really doesn't matter. The question is, does state law, for purposes of the Bankruptcy Code, Section 541 defines property of the state very broadly and looks to state law. So the question is, does state law create some basis of liability? The appellant acknowledged that if we were to hold in her favor, I'm not saying we will or will not, that that has nothing to do with whether or not she has a meritorious claim in state court. In other words, that's for another day. We don't decide whether or not they have a legitimate on the merits claim for whatever it is, successor, product line. Well, that's certainly true. But that doesn't solve the problem that we have to as to whether or not this is an individualized or generalized claim. Sure. The fact that you say that she may not have a merits claim because, and I don't think she's claiming a product line. I wasn't meaning to say that, Your Honor. I'm sorry if I was not clear on that. Well, I'm saying that she's not, I don't think she's claiming that. But whatever she's claiming for liability is not before us. We're only interested in whether or not it's individual. I agree, and I wasn't, I was not trying to. And I want you to tell me how this differs from Foodtown. Again, in Foodtown, Foodtown is a classic example of a successor liability claim. Again, let's keep the world divided into two parts. One is claims against the debtor, okay. And Foodtown had a claim against the debtor. They filed a proof of claim. Yes. Just like a tradesman's claim. And then were recognized because their claim was different, according to Foodtown, that they had a right to go outside of the settlement, so to speak, of a trustee. Correct. But let me make clear, Your Honor, we are not suggesting that their claims against the debtor, Emeril, are the property of the trustee. We're only talking here, my client is a Roman. It's not claims against the debtor, or it's a little unclear. There are or can be claims against Emeril by the individual personal injury plaintiffs. Absolutely. Emeril the debtor. But you have that, they have that in the estate. Correct. Absolutely, Your Honor. And they're pursuing that and the issue. The property of the estate here is, you say, the successor liability. Precisely. Precisely. Not the person. Yes. And the reason, so that's the question, is what is the property of the estate? And to the extent, the question is, is the successor liability claim against Amara? Against Aroma, yes. Aroma. Yes. It's very confusing. I wish this were like company A and company Z. They're very similar. But that's it. Correct, Your Honor. That's exactly the key point, that we're talking here about who has the right, really, who has standing to bring a successor liability claim. Does the trustee have a right to sue on his own behalf for the personal injury of the plaintiffs in this case? No. No. Okay. Then if he doesn't, who has that right? The plaintiffs. Again, nobody is disputing. So that's not a property of the estate. Absolutely not. Absolutely not. The question here is the successor liability. It's the ability of the estate, okay, to come and say, we want to pierce the veil. I don't see this being a question for us whether there is or is not successor liability. I think the appellant put that to rest. We're just deciding, we're not deciding whether they have or don't have. And I'm sorry, Your Honor, again, I am trying to talk about who has standing to pursue a successor liability claim. So I'm not talking either about it. And if the trustee does not have standing to pursue a claim on behalf of these plaintiffs for personal injury. Not for personal injury. That's the key point. For successor liability. You said that they do. The plaintiffs do have standing to pursue. The plaintiffs have standing to bring the personal injury claim against the debtor. The debtor has standing to bring the successor liability claim against my client, Aroma, for the benefit of all of the creditors, not just personal injury creditors. This is a generic mere continuation claim. This benefits the landlord. This benefits the contract person. The nature of this particular successor liability claim. But, of course, the plaintiffs can't sue the debtor. Well, the plaintiffs can't sue the debtor. I mean, they can pursue relief, but they can't sue. They actually have had to stay lifted to pursue individual lawsuits against the debtor nominally, and they're allowed to go after the insurance proceeds. So the plaintiffs in this case, actually, I think there was a statement made earlier that they have no recourse. That's not correct. At some point you did say that not all successor liability claims are claims against the estate. Not all successor liability – well, again, successor liability claims, by definition, are not claims against the estate. I think what I was trying to say, at least, is that not all successor liability claims are created equal. Some successor liability claims could be brought equally by all creditors. Those are generic ones. If that is the case, and if the estate can bring that claim, as I believe it is undisputed that under New Jersey and New York law, the debtor has the ability to pierce its own corporate veil for the benefit of all its creditors. And so to the extent that that's true, which is conceded here, the right to do that, the right to bring that successor claim – again, we can't conflate the individualized nature of their personal injury claim against the debtor and then the right to pursue the successor. Successor liability and in that claim also assert the injuries of the plaintiffs in this case. Because that's not the – Answer the question. Could he bring that type of claim? Could who bring that claim? The trustee. The trustee? No. No. The successor? Excuse me. He could bring a claim on behalf of all creditors, and a trade creditor then might be reimbursed if it's successful. But the trustee cannot bring a claim and as part of that claim seek on behalf of the estate the damages which have caused to the personal injury of these plaintiffs. But again, that's not – well, again, that would be subsumed because, again, the nature of the claim he would bring is a generic mere continuation claim. If it's a mere continuation claim, it's basically saying you are us. You are responsible for the pot of money for all of our debts. So that would benefit them. How does that help the plaintiffs and how does that do anything for the personal injury plaintiffs if he's successful in saying this is – you're just another corporation with our name and therefore you're liable for – It opens the door. It actually benefits all of the creditors. It opens the door to what? To having basically all of Emeril's assets, the alleged successor, available as funds of the estate. Okay, but then somewhere along the line the plaintiff, the individual plaintiffs with personal injuries have to sue and prove liability and any award – Precisely. Just a minute. And any award would not go to the estate. It would go to the individual plaintiffs. Well, again, the debtor has proven that the – There's continuation liability. Exactly. So that pot of money is then there. Then when the debtor – so there's some pot of money. What pot of money for the plaintiffs? The plaintiffs haven't proven they're entitled to anything. They have no judgment. They have nothing. Well, again, Your Honor, the – They have a claim that's unadjudicated. Right, but I think that goes to the how do you then – what is the logistics of the remedy for the successor claim? Again, we are starting here with the proposition, and I don't believe this is contested under state law, that the debtor here could pursue this generic mere continuation claim, which the nature of it says, you know something, you just changed the sign above the door. You are liable for all the debtor's debts. That's not contested. So then you quantify the damages to that. I think it would have to be structured in a way that you couldn't necessarily quantify the damages from your continuation until the plaintiffs have made their claim against the debtor. Okay, and the plaintiff and the trustee is successful in this continuation claim and gets a judgment. How does that benefit the personal injury plaintiffs? They don't have a judgment for anything. They have an unadjudicated, undocumented claim that's unadjudicated. But you're assuming that the order is such that that's already all finished. I mean, again, you're talking, though, about – I mean, it seems to me that the damages in that mere continuation claim are basically – or the remedy in that mere continuation claim is to open the pocket of the alleged successor for all of the debts of the debtor. That's what a mere continuation is. It says basically you are the same thing. This is – there's no real distinction here. So suddenly it's making – Well, how does the plaintiff – the personal injury plaintiffs get remunerated? They prove their case against the debtor. Again, nobody is disputing that they have a cause of action against the debtor that is personal to them, just like a creditor. So what you're doing here is you're having the trustee bring this cause of action for the benefit of all creditors. If you don't do that, Your Honor, you'll have the creditors in a race – I think this was a question that Judge Fuentes asked earlier. They will be in a race to the courthouse to see who can hit the third party first. There was a dialogue in one of the proceedings in which the trustee's attorney was referencing whether these claims had, in fact, been released by the trustee when there was this negotiation  And at the appendix page 1277, the attorney – the trustee's attorney said that the claim does not belong to this estate. The trustee can't release it. Are you familiar with that statement? Well, Your Honor, I think that it was uncontested, Your Honor, that the judge did not make a determination. Let me back up a second. The trustee released all the claims that the trustee had on behalf of the estate. That was part of the settlement agreement. But this suggests that the plaintiff's claims were not part of the package that was released. Well, again – and there was a proviso added there that says, really with a truism, that this does not release claims that are the property of the plaintiff's and are not property of the estate. I mean, that goes without saying. The trustee – nobody denies – So the attorney would rework the statement for it to be done over, though, don't you think? Well, I think – On behalf of the trustee? The critical point, though, Your Honor, just for – is that the bankruptcy court who approved the settlement later made a statement in deciding, actually, that she thought the property – that the successor liability claims as well as the direct liability claims were their property. The bankruptcy court made clear – and this is at page 1383 of the appendix – that at the time of approving the settlement – so this was what the judge was thinking when she was approving the fairness of the settlement that released all of the trustee's claims – the court made no definitive ruling or finding at that time as to whether the claims at issue here fell within the estate's release claims under the approved settlement but rather reserved for a future date when that issue would arise. That issue is squarely raised. So it's not as if there had been a determination one way or the other by the court. Is it the case that all personal injury torts, no matter what shape they take or what form or the nature and extent of the injuries, are property of the – against the debtor or now become property of the estate? I don't believe that any personal injury claims against the debtor are property of the estate. Let's say Emeril had a bunch of trucks that delivered the chemicals and one of those trucks ran over somebody and left that person quadriplegic with massive injuries. Sure. Now that person wants to file a claim. Sure. But of course Emeril's now in bankruptcy. Right. So they have the same right as the other creditors of Emeril to get their pro rata, equitable share of Emeril's assets that would include – But your position is they cannot now go under successive liability and go after Emeril. Well, again, they can't go after Aroma on a successor liability theory that could be brought by any other one because then you're creating a race to the courthouse. Again, once you acknowledge that the bankruptcy trustee could bring this – Okay. They're in the same shoes as the plaintiffs in this case. Correct. And again, I would just refer you to the sample complaint and the appendix, which is that page. I can't help thinking it's a very harsh result. I'm not suggesting that it's wrong, but it's really – I honestly – I hope I can persuade you otherwise because basically this is just the way the bankruptcy works, that nobody's taking anything away from these folks. The way it works is that you want the bankruptcy trustee to marshal all the assets of the estate. Once you conclude that a mere continuation claim is an asset of the estate because it's generalized and would benefit all creditors, you want that to be pursued. It might be true, but one of the assets of the estate is not the entitlement of the personal injury plaintiffs to be remunerated for their personal injury. That's not an asset of the estate, and it's not – the trustee has no ownership of that asset. Absolutely right, but that's their personal injury claim against the debtor, Emeril. The point here is, though, that if there is a claim – It's their claim against anyone, the debtor or a successor. No, but again, Your Honor, if the successor liability claim that they have is the same as every other creditor, you would be creating – you'd be rewarding those creditors who got there first. No, it's not the same as – no, no, no. It's not the same as any other creditors. The successor liability is – that's the claim. The successor liability claim is the same, but the claim of the individuals is not the same. No, and that's what I meant. I apologize if I – Yeah, well, no, you're the one that's conflating something here now. The difference is that the individual has a claim for damages to him, not for damages to the estate. Correct. Correct. But the way that the individual does that is the individual goes after the estate. The individual – nobody's denying the individual has their share to appropriate a right of the estate. And one thing that is critical to keep in mind is that the insurance assets related to DiCedil remained in the estate and are available to these folks, and the stay has been lifted. And, in fact, in their lawsuits, they have sued 30 other manufacturers. So, again, I don't want you to get the impression that these folks are left without a remedy. Their remedy, as the remedy of any other creditor, is for the debtor to go after – the trustee to go after the pot of money and then distribute those in an equitably and orderly way against – among the creditors of the estate. Very good, Mr. Landau. Thank you. Thank you very much. Rebuttal, Ms. Isaacson. Thank you, Your Honors. I would like to reiterate the impact of the Foo Town case on how the Court needs to decide the matter that's before the Court today. And I call the Court to the attention of page 171 of that decision. This Court said in addressing the Buildings by Jamie case, in the Buildings by Jamie case, consistent with our decision here, under New Jersey law, an alter ego action is an equitable remedy. It is not an independent cause of action. It is not the main cause of action that my clients are bringing. My clients are bringing a personal injury tort claim in the state court against the debtor as a nominal defendant. And the mere continuation claim is the equitable remedy for the damages sustained because of those injuries. And this Court went on to say, as a result, the injury is personal to the appellant, the pension plan in the Foo Town case. You know, I still wonder this idea of allowing the plaintiffs, though, again, I'm sympathetic to the plaintiffs in this case, to essentially get in the front of the line when it comes to distributing assets that should be available to all the creditors, which is the purpose of the trustee. Amass all of the possible assets and then distribute those assets equitably amongst all the creditors. But if personal injury plaintiffs are then allowed to proceed with their claims, that is to the disadvantage of other creditors. Personal injury claimants are not going to participate, like the general unsecured creditors are participating from the trustees liquidating the assets of the estate. The personal injury claimants are unliquidated contingent claims that have been sent back to the state court. Now they have state relief to go pursue, insurance proceeds, or whatever source of recovery those claimants can see. You're still going after Amaral, and let's say you have the situation, Amaral is the person that you're suing, right? Amaral is the debtor, Aroma is the successor. Aroma? Aroma is the successor. I wonder how they got the same name so similar. You'd think it was purposeful. You'd have to ask my adversaries. Aroma. I don't have information about that. But you're suing Aroma. And what if the trustee had not settled all those cases with Aroma and Aroma was still subject to being sued by other creditors? Aroma would have the same argument that it presents here if those creditors did not have a particularized injury. I mean the personal injury plaintiffs in this case are creditors, aren't they? Absolutely. And, Your Honor, your question to my adversary about the quadriplegic and the truck, that claimant is in the same position as the diacinal plaintiffs and would have the same right to go after whatever assets to recover for his or her damages. And for your personal injury claim, you don't share any part of the trustee's estate? Do not. Do not. Do not. But if the trustee, if there's a hit on successor liability and a mora is found to be a mere continuation of emerald, then any pot goes into the estate for this? It's not a pot, Your Honor. It's not a pot. Not for the plaintiffs. It's not for the plaintiffs. But you have a claim against the estate. I apologize for interrupting, Your Honor. If my client, if an individual diacinal claimant gets an award for $500,000 and it collects $200,000 from the insurance company, it can satisfy the rest of the damage claim if it's successful on the successor liability claim from Aroma. It's not a general pot. It is a specific remedy to satisfy the individual diacinal plaintiff's damage awards. Thank you, Your Honor. Thank you very much. Thank you both for your excellent argument. It's a very difficult case that we will have to work on. Thank you.